## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     Case No. CIV-07-183-SPS<br>) |
| BOBBIE BRUCE SUTTERFIELD, | )<br>)<br>) |
| Defendant. | ) |

### OPINION AND ORDER REGARDING
### DEFENDANT'S MOTION TO COMPEL DISCOVERY

The Defendants' Motion to Compel Plaintiff to Properly Respond to Discovery Requests and Produce Responsive Documents [Docket No. 28] came on for hearing on February 14, 2008. During the hearing, it was determined that the motion was moot with regard to certain discovery requests, but ripe for determination with regard to others. The Court announced rulings from the bench and hereby incorporates its rulings in this order.

    1.    Regarding Interrogatory Nos. 2 & 3, the Plaintiff agreed and is hereby directed to provide any information it may have that will assist in locating witness Susan Alves.

    2.    Regarding Interrogatory No. 9, the Plaintiff is hereby directed to identify all bad faith lawsuits within the last five years in which it was contended that the Plaintiff wrongfully refused a defense or indemnification: (i) to an employee of an insured on the contention that he acted outside the scope of his employment; or (ii) on the basis of the intentional injury exclusion.

3. Regarding Document Request No. 3 (and certain other document requests as discussed below), the Plaintiff is hereby directed to provide to the Defendant (and to file with the Court) an amended privilege log detailing any responsive documents (including those generated or stored electronically) that have been withheld from production. Said privilege log shall list each withheld document separately and indicate: (i) the document request (or requests) to which it is responsive; (ii) the date of the document; (iii) the type of document, *e. g.*, letter or e-mail; (iv) the source of the document, *e. g.*, whether it is included in a particular file, such as a claim file or personnel file; (v) the author of the document and the author's title or function, including whether the author is an attorney; (vi) the recipient of the document (if any) and the recipient's title or function, including whether the recipient is an attorney; (vii) the stated reason for withholding the document, *e. g.*, attorney-client privilege of the Plaintiff, attorney-client privilege of an insured, or work product; (viii) the substance of the document in sufficient detail to allow a determination as to the validity of the stated reason for withholding it; and, (ix) any identifying marks, such as exhibit stamps or Bates numbers.

4. Regarding Document Request No. 4, the Plaintiff is hereby directed to produce the so-called "Sutterfield claim file." To the extent that any documents contained in said file are withheld for any reason, the Plaintiff shall identify said documents on the amended privilege log. Further, to the extent that the Sutterfield claim file differs from the original claim file from which it was segregated, *i. e.*, the M.L. Young claim file, any documents contained in the latter but not the former shall be identified on the amended privilege log.

5. Regarding Document Request Nos. 5, 7, 8, 9, 11, 13 & 15, to the extent that any responsive documents are not contained in the Sutterfield claim file, the Plaintiff is hereby directed to produce them or identify them on the amended privilege log.

6. Regarding Document Request Nos. 17, 19 & 22, the parties are hereby directed to prepare and submit an appropriate protective order. Upon execution of said order by the Court, the Plaintiff is hereby directed to produce the requested documents.

7. Regarding Document Request No. 20, the Plaintiff is hereby directed to produce any complaints received through the Oklahoma Department of Insurance within the last five years regarding the Plaintiff's refusal of a defense or indemnification: (i) to an employee of an insured on the contention that he acted outside the scope of his employment; or (ii) on the basis of the intentional injury exclusion.

8. The deadline for complying with the requirements of this order is February 29, 2008. The parties may thereafter seek relief from the current discovery cutoff date if appropriate.

Accordingly, the Defendant's Motion to Compel Plaintiff to Properly Respond to Discovery Requests and Produce Responsive Documents [Docket No. 28] is hereby GRANTED to the extent set forth above but otherwise DENIED.

**IT IS SO ORDERED** this 15th day of February, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**